## GOTTLIEBE HOFMAN v. PETER DEMPLE.

HOMESTEAD — *Duress* — *Canceling Deed* — *Subrogation.* In an action brought by a wife to set aside a conveyance of the homestead, which was subject to a mortgage, where it appears that her signature to the deed was obtained by duress, but that she took no steps for more than a year and a half to set it aside, but, on the contrary, that its validity was acquiesced in by herself and husband, and the grantee, before any attempt was made to cancel or set aside said deed, paid off such mortgage and the existing tax liens on the premises, *held,* that it is not error for the trial court, in rendering a judgment canceling such deed, to subrogate the grantee to the rights of the original mortgagee, and order a sale of the mortgaged property to repay to the grantee the amount expended by him in payment of the mortgage and tax liens.

### Error from Shawnee District Court.

THIS action was brought by plaintiff in error to set aside a conveyance from herself and husband to the defendant of a five-acre tract of land constituting their homestead. It is alleged in the petition that the signature of the plaintiff to the deed was obtained by fraud and duress. It appears that, in exchange for said lands, the defendant conveyed to plaintiff's husband, Michael Hofman, a quarter section of land in Wabaunsee county, subject to a mortgage of $1,000 executed by plaintiff's husband to defendant. In her petition, the plaintiff alleges a tender of a deed reconveying the quarter section of land, and of $473.50, the amount of a mortgage upon said homestead, with interest, and of the taxes paid by defendant on said land. At the trial, a jury was impaneled, and certain questions of fact were submitted to them, in an-

swer to which they found that the plaintiff was induced to sign the deed in controversy by threats of violence made by her husband, and that the defendant, Demple, furnished Hofman intoxicating liquors and got him drunk for the purpose of inducing him to convey the plaintiff's homestead. After this verdict was returned, the plaintiff moved for judgment on the findings canceling the deed. The plaintiff tendered in court a reconveyance of the Wabaunsee county land to the defendant, but declined to pay the money, which had been tendered before the commencement of the action, into court. Thereupon, the court heard further testimony in the case. In a deposition of the defendant, read in evidence by the plaintiff, he stated:

"Up to about 18 months ago Michael Hofman had paid me the interest on the amount due me on the trade as it fell due, and after the expiration of the 10 months during which he was to have free rent of the property he traded me, he paid me the rent for the same for the period of 13 months. I fully paid and satisfied the mortgage of $400, with interest thereon, as I agreed to do at the time of making the trade with Hofman."

The attorney for the plaintiff testified that the amount of money tendered before the commencement of the action was his own money. Thereupon the court proceeded to make further findings of fact, from which it appears that at the time of the execution by the plaintiff and her husband of the deed of their homestead there was a mortgage thereon, held by one Durein, for $400; that before the commencement of this action the defendant paid off and satisfied said mortgage; that there was due thereon, for principal, interest, and taxes, the sum of $450 at the time it was paid. The court thereupon ordered that the deed for the Wabaunsee county land be delivered to the defendant; that the plaintiff deposit in the clerk's office, for the defendant, within 90 days, the sum of $473, which was found to be equal to the sum paid to the holder of the mortgage on the homestead, with interest and taxes paid by Demple; canceling the deed of the

homestead, and decreeing that, in case the plaintiff should fail to pay into court the sum of $473, the defendant should be subrogated to the rights of the holder of the mortgage, and that the homestead should be sold on execution for the payment thereof. The plaintiff excepted to this judgment, and brings the case here for review.

*Wm. R. Hazen,* for plaintiff in error.

*Frank Herald,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: It is contended that the court erred in subrogating the defendant to the rights of the former holder of the mortgage on the plaintiff's homestead. Counsel for the plaintiff in error urges that this is an action simply to obtain a decree declaring plaintiff's signature to the deed void; that it is void without any such decree; that the only purpose of prosecuting this action is to make a public record of the fact, and thereby prevent a transfer to an innocent party without notice; that the defendant, having procured the deed by fraud and duress, cannot acquire any rights through the transaction, and that his payment of the mortgage was voluntary on his part and that he can found no claim thereon against the plaintiff.

The authorities cited by counsel for the plaintiff in error merely reaffirm the well-established doctrine that a party cannot resort to a fraudulent, illegal or immoral transaction as the foundation of a cause of action in a court of justice; that in all such transactions the court leaves the guilty party where it finds him. In this case, whether we recognize the nice distinction drawn by counsel for plaintiff in error or not, the action is equitable in its nature. The plaintiff seeks relief from an act which she claims she was compelled to do by duress. It appears that the deed sought to be canceled was executed on the 20th day of May, 1886, and, so far as appears from the record brought to this court, its validity remained unquestioned until about the time this action was

commenced, which was on the 12th day of March, 1888. The testimony taken before the jury is not before us. All presumptions are therefore in favor of the findings and conclusions of the court. We must presume that the mortgage which is conceded to have been a valid lien at the time of the execution of the deed, and then due, was paid by Demple after the execution of the deed, and before any steps were taken to question its validity. Would it be equitable to hold that the plaintiff might remain quiet, apparently ratifying the conveyance made, thereby induce the defendant to pay off and discharge the liens existing on the property, and then, after a delay of more than a year and a half, come into court and recover, not merely that which had been conveyed away, but something far better — the same homestead, freed and cleared of the liens which were thereon at the time she parted with it? We think this would be palpably wrong, and that the trial court took the correct view of the case.

The judgment is therefore affirmed.

All the Justices concurring.