No. 2,124.

ANNA SAUNDERS, RESPONDENT, *v.* S. B. WEBBER *et als.,* APPELLANTS.

DISCRETIONARY POWER OF TRUSTEE—NOT ASSIGNABLE.—Discretionary power in the execution of a trust, cannot be delegated to a stranger by assignment.

*Per* TEMPLE, J.:

JUDGMENT IN FORCIBLE ENTRY AND DETAINER—EFFECT OF.—A judgment in an action of forcible entry and detainer, against the husband, is sufficient authority to put out any member of his family.

IDEM.—INJUNCTION.—A Court of equity will not interpose, by injunction, to restrain the execution of a judgment, in forcible entry and detainer, against a husband, for land claimed by the wife as her separate estate, upon the ground that she was not made a party to the proceedings, or that she was a sole trader.

SOLE TRADER ACT.—The Sole Trader Act does not change the marital relation, further than the business of the wife as sole trader.

(T.)

Appeal from the District Court of the Sixth District, Sacramento County.

This is an action for a perpetual injunction to restrain the execution of a writ of restitution issued upon a judgment in forcible entry and detainer entered in favor of the appellants, in the County Court of Sacramento County, against B. A. Saunders, the husband of the respondent, for certain lots situated in the City of Sacramento. Plaintiff claimed the lots in question as her separate property, and derived her title, among other conveyances, by virtue of a deed from Frederick Billings, James R. Bolton and H. W. Halleck, assignees and trustees of Bezer. Simmons, executed by their attorney in fact, D. B. Northrop.

She also claimed that she was a sole trader, and, as such, had the management of her separate estate, and that she was not made a party to the proceeding in forcible entry and detainer against her husband.

The evidence showed that she had no other possession of the premises than that which she had obtained under the forcible entry of her husband.

The Court below entered judgment in her favor, and made an order perpetually enjoining the defendants from executing the said writ of restitution; from which judgment and order the defendants appealed

The other facts are stated in the opinions.

*John Heard,* for Appellants.

The Court erred in refusing defendant's motion to dissolve the injunction, because the complaint was insufficient to justify its issuance—the complaint containing no sufficient averment of any separate right of occupancy by the plaintiff, or of her sole ownership.

The possession of the husband being unlawful, and the wife entering as a member of his family after his unlawful entry, certainly could obtain no better right than he had to the possession, and that was "forcible and unlawful."

But if no legal objection existed to setting up title by the

plaintiff in the premises, she failed to show any title or right whatever.

The deed of trust from Simmons to Billings and others, confers upon the trustees *discretionary* power to sell and convey land. No power of substitution, or delegation of the trust, is given in the deed.

If a power require the exercise of judgment and discretion, it cannot be delegated. (1 Sug. on Powers, 213, 214; 9 Coke, 75; 2 Atk. 78; 2 Vesey, 643; 3 East. 418; *Lyon* v. *Jerome*, 26 Wend. 485; 1 Hill, 501.)

The rule laid down in *Hawley* v. *James* (5 Paige, 318), is precisely in point, and has never been doubted. (See, also, Hill on Trustees, 489 and 495, side page; Story on Agency, Secs. 12, 13, 14.)

*George Cadwalader*, for Respondent.

The complaint was not demurred to; and, even if it had been, a full cause of action is disclosed by it.

The answer seems to expressly admit that plaintiff was a "sole trader."

The next point made is, that the "husband's entry" being unlawful, the wife's must be like it. We do not so consider it. Mrs. Saunders, as the owner of the property, had a right of entry, and the right to sue for its protection, independent of her husband. (Practice Act, Sec. 7.)

The point, however, upon which appellant's counsel seems to rely most, is, that the Court below erred in allowing plaintiff to introduce a power of attorney executed by Halleck, Bolton and Billings, as assignees of Bezer Simmons, to D. B. Northrop, authorizing him to sell and convey the premises in question.

While we concede that discretionary authority delegated by a principal to his agent, cannot be delegated without what is usually called a "power of substitution," that doctrine has no application to this case. It would be unusual to the last degree, to put in such instruments a "power of substitution."

To the legal estate is annexed the "power of disposition."

The employment of an agent to sell and convey, is not a transgression of the authority granted. The act of the agent in their name and within the authority given him, is the act of the assignees just as much as if they had signed the deeds. (Burrill on Assignment, 488 and 508; *Blight* v. *Schenck*, 10 Barr. 286; *Tilford* v. *Barney*, 1 Greene, Iowa, 591; 1 Sugden on Powers, Chap. V. Sec. 1; Story on Agency, Sec. 14.)

In *Forbes* v. *Scannell* (13 Cal. 278), it was expressly decided (on page 278) that where the assignees showed possession of property, "they would be entitled to recover for a seizure of it in this State, unless the defendant showed a better title in himself, or in some person whose right they legally represented."

RHODES, C. J., delivered the following opinion, SPRAGUE, J., concurring:

The deed of trust executed by Bezer Simmons to Billings, Bolton and Halleck, as trustees, empowered them to sell and dispose of "the lands mentioned in the deed, either at public or private sale, to such person or persons, for such prices, and on such terms and conditions, and either for cash or upon credit, as in his [their] judgment may appear best and most for the interest of the parties concerned, and convert the same into money." The powers thus conferred, are to a material extent discretionary. The trustees are required to sell the property and convert it into money; but in respect to the mode, terms and condition of the sale, the execution of the powers conferred, requires the exercise of judgment and discretion on their part. The rule is as well settled as any one in equity jurisprudence, that a discretionary power cannot be delegated to a stranger by assignment. (Hill on Trust, 489; *Hawley* v. *James*, 5 Paige, 318; *Berger* v. *Duff*, 4 Johns. Ch. 368; Sugd. on Pow. 167; *Alexander* v. *Alexander*, 2 Ves. 642; Story on Agency, Sec. 12.) The deed of trust does not authorize the trustees to delegate their powers. The Court, therefore, erred in admitting in evidence the power of attor-

ney executed by the trustees to Northrop, and the deed executed in their name, by such attorney in fact.

Judgment reversed, and cause remanded for a new trial.

TEMPLE, J., delivered the following opinion, CROCKETT, J., and WALLACE, J., concurring:

This action is brought to enjoin the execution of a judgment of forcible entry and detainer, obtained against the husband of plaintiff. She alleges that the premises are her separate property, and that the entry was made by her as owner, and that she was not a party to the suit against her husband.

As against her husband, that judgment establishes that the defendant in this case being in the actual possession, plaintiff's husband forcibly and wrongfully entered and expelled him. The husband could not defend that suit, on the ground that he was owner, nor could he enjoin the execution of the judgment on that ground. This consideration, in my opinion, is conclusive of this case. Even the Sole Trader Act does not make the wife the head of the family, nor in any respect change the marital relation further, at least, than her business as sole trader. It matters not whether the husband made the forcible entry, or the wife with her husband; the trespass was his, and a judgment against him of this character is sufficient authority to put out any member of his family. If she had applied to defend that suit brought against her husband, and could show that any rights of hers were affected by it, she might have been permitted to defend; but it is certain, that the facts stated in her complaint would not constitute a defense to that action.

For these reasons I concur in the judgment.