## John N. Price

### *v.*

### Phœbe Hudson *et al.*

*Filed at Mt. Vernon June 16, 1888.*

1. DELIVERY OF DEED—*how far essential.* As a rule, to render a deed operative as a conveyance, an unconditional delivery is requisite, or if the delivery is conditional, or to take effect on the happening of some event in the future, it must appear that the condition has been performed or that the event has happened.

2. SAME—*what constitutes a delivery—and of evidence in respect thereto.* It is not essential to a delivery that the deed shall pass from the hand of the grantor to the grantee. Any disposition of the deed by the grantor, with the intention thereby to make delivery of it, so that it shall become presently effective as a conveyance of title, will, if accepted by the grantee, constitute a sufficient delivery.

3. The intention to deliver, on the one hand, and of acceptance on the other, may be shown by direct evidence of the intention, or may be presumed from acts or declarations, or both acts and declarations, of the parties, constituting parts of the *res gestœ*, which manifest such intention. In like manner the presumption of a delivery may be rebutted and overcome by proof of a contrary intention, or of acts and declarations from which the contrary presumption arises.

4. It is not competent to control the effect of a deed by parol evidence when it has once taken effect by delivery, but it is always competent to show that the deed, although in the grantee's hands, has never in fact been delivered, unless the grantor, or those claiming through him, are estopped in some way from asserting the non-delivery of the deed.

5. In 1863 the grantor, before going into the army, made a deed of his land to his wife, and placed it in his trunk, to be taken by her only in case of his death while in the army. The grantor returned in 1865, but never afterward saw the deed, and the grantee took no manual possession of it until in 1883, when she took it from the trunk, and on advice that it was ineffectual to convey title, she destroyed it: *Held,* that the deed never took effect for a want of a delivery.

6. ESTOPPEL—*as to ownership in land.* A person offered a contractor $300 for the building of a house on land occupied by him and his wife. The contractor, after consulting as to the cost, informed the husband that the building could not be made for that price, and he replied that $300 was all the money he had, and that if it cost more, to let the work alone. The contractor then said that if it cost any more than that sum he would look to the wife for the balance, and that she could pay the excess by boarding hands, and this was assented to. The husband paid the $300, and a decree in a proceeding to enforce a mechanic's lien was obtained against the wife for $64, the husband not having been made a party, upon which the wife's supposed interest in the land was sold: *Held,* in ejectment against the husband and wife, that the former was not estopped from showing that the title was in him alone.

7. PARTIES—*of a decree as to one not a party.* A decree for a mechanic's lien against a wife, in a proceeding in which the husband is not made a party, is not binding on him.

APPEAL from the Circuit Court of Richland county; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. E. McJILTON, and Mr. F. G. COCKRELL, for the appellant.

Messrs. McCAULEY & MOUTRY, and Mr. T. W. HUTCHINSON, for the appellees.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an action of ejectment, by John N. Price, against Phœbe Hudson and William D. Hudson, to recover the north-east quarter of the north-west quarter of section 3, township 3 north, range 9, east, in Richland county. The general issue was filed, and a trial by jury resulted in a verdict of not guilty. A motion for new trial interposed by plaintiff was overruled, and judgment entered on the verdict, from which the plaintiff below prosecutes this appeal.

The record shows that the tract of land in controversy was patented by the government of the United States to the defendant William D. Hudson, prior to the year 1863; that in that year said William D., and his wife and co-defendant, Phœbe Hudson, were occupying the tract of land, and the dwelling house thereon, as a homestead, and have ever since continued to so occupy it. It appears that said William, being about to enlist in the army of the United States, in the year 1863 made and acknowledged a deed for said land, in the usual form, in which his wife was grantee; that he took the deed and placed it in a trunk in their dwelling house, telling his wife that if he got killed in the army she should take the deed and have it recorded. The grantor was not killed in the war, but returned in 1865, and still survives. The plaintiff claims title through said deed of 1863, from said William D. to Phœbe Hudson, and by virtue of a sale and deed by a master in chancery, made in pursuance of a decree of the circuit court of Richland county, in a certain mechanic's lien proceeding instituted by one Mrs. M. J. Lamport against said premises, and in which said Phœbe Hudson was alone made defendant.

The first question presented is, did the title pass to Phœbe Hudson by the deed from her husband? Waiving the question as to the right of the husband to thus convey the homestead, to render the deed operative as a conveyance an unconditional delivery was requisite; or if the delivery was conditional, or to take effect upon the happening of some event in the future, it must appear that the condition has been performed, or that the event has happened. (*Skinner* v. *Baker*, 79 Ill. 496; *Hoig* v. *Adrian College*, 83 id. 267; *Stone* v. *Duvall*, 77 id. 475.) It is not essential, however, to a delivery, that the deed should pass from the hand of the grantor to the grantee. Any disposition made of the deed by the grantor, with the intention thereby to make delivery of it, so that it shall become presently effective as a conveyance of a title, will, if accepted by the grantee, constitute a sufficient delivery. (3 Washburn on Real

Prop. 288-293; *Benneson* v. *Aiken,* 102 Ill. 284.) The intention to deliver on the one hand, and of acceptance on the other, may be shown by direct evidence of the intention, or may be presumed from acts or declarations, or both acts and declarations, of the parties, constituting parts of the *res gestæ,* which manifest such intention; and in like manner the presumption of a delivery may be rebutted and overcome by proof of a contrary intention, or of acts and declarations from which the contrary presumption arises. It is not competent to control the effect of the deed by parol evidence when it has once taken effect by delivery, but it is always competent to show that the deed, although in the grantee's hands, has never, in fact, been delivered, unless the grantor, or those claiming through him, are estopped in some way from asserting the non-delivery of the deed. In this case the deed was placed in the trunk by the grantor, to be taken by the grantee only in the event of the death of the grantor while in the army. He testifies: "I made this deed, so that if I got killed she would get the land, and my brothers and sisters would not heir it. I never intended she should have a title of the land unless I got killed in the army." The deed never was placed upon record, and remained in the trunk, where it had been deposited by the grantor, for substantially twenty years, without being taken by the grantee. The testimony shows that the grantor never saw the deed after 1863, when he placed it in the trunk, and the grantee took no manual possession of it until in 1883, about the time the mechanic's lien proceedings were instituted, when she, for the first time, took the deed from the trunk for the purpose of obtaining advice as to its effect, and upon being advised that it was, under the circumstances, ineffectual to convey title, destroyed it. She at no time asserted any claim under the deed, or attempted to do so. Both testify, and are substantially uncontradicted, they did not understand that the deed was ever delivered, or intended to be delivered, or that the title to the land was vested in Mrs. Hudson. An appli-

cation of the principles before announced will fully justify the finding that the deed was in fact not delivered.

But is said that the defendant should be estopped to deny title in Phœbe Hudson at the time of the furnishing of material and of performing the labor for which the mechanic's lien was declared by the decree in said mechanic's lien proceedings. None of the facts or circumstances relied on by counsel as creating an estoppel are shown to exist by a preponderance of the evidence. Instead of William B. Hudson standing by and permitting the mechanic and material-man to improve the property, under a contract with his wife, without objection on his part, exactly the opposite state of facts is shown by the evidence. There is little or no conflict in the evidence in respect of the facts out of which the mechanic's lien proceedings arose. Hudson and wife were residing in the dwelling house on these premises in the spring of 1883. The husband had $300 in money, and for that sum Lamport proposed to build them a new dwelling, the dimensions and plan of which were talked over and agreed upon. Lamport went to the neighboring town of Olney to price or purchase material, and on returning reported to Hudson that the house could not be built for the sum of $300. Hudson told her that $300 was all the money he had, and if the house could not be built for that sum, to let it alone. Mrs. Lamport replied that she would go on with the building; that if it cost any more she would arrange with Mrs. Hudson for the balance; that Mrs. Hudson could pay the excess over the $300 by boarding the hands engaged in its construction, etc. Hudson then told her if the house cost any more than the $300 his land should not stand good for it, but if she would consent to look to his wife for her pay over and above the $300, to go on. To this Lamport assented, and the building was erected accordingly upon that understanding and agreement. Hudson paid $300 in cash, and hands were boarded to the amount of $8. Mrs. Lamport presented a bill for $138 additional, which being disputed by

Mrs. Hudson, the mechanic's lien proceeding was commenced, (Mrs. Hudson alone being made defendant,) and a decree for $64 was obtained, which was made a lien on the title of Mrs. Hudson in said land. That the house was built under the agreement before mentioned, that Mr. Hudson claimed the land as his own, and refused to contract for the building unless it was understood that the land was not to be liable for any excess over the $300 cash on hand, and that the contractor so agreed, and contracted to look to Mrs. Hudson personally for the balance, if any, is overwhelmingly proved. In no sense, in view of this evidence, can it be said that the contractor furnished material or performed labor upon the faith of the title being in Mrs. Hudson, or in reliance upon her having an interest in the land. Everything was disclosed, at the time, to the contractor that is now insisted upon by appellees. William D. Hudson was not a party to the mechanic's lien proceeding, and is not bound by the decree.

Finding no error in this record, the judgment of the circuit court is affirmed. *Judgment affirmed.*