M. S. TYLER, *late doing business as Western Lumber Company, et al.,* v. MOSES T. JOHNSON.

HOMESTEAD — *Sale under Execution — Mechanic's Lien.* In an action upon a promissory note, where the court finds that the debt for which such note was given was for lumber and material furnished by the plaintiff, and used by the defendant in the erection of a dwelling-house upon his homestead while he was the owner thereof, such finding is conclusive; and where a judgment for the amount due upon such promissory note is rendered upon such finding, *held,* that under an execution issued upon such judgment, the officer may, if no personal property of the judgment debtor can be found, levy upon the homestead to satisfy such execution.

### *Error from Harvey District Court.*

ACTION by *Johnson* against *Tyler* and others, to enjoin the sale of certain property under execution. Judgment for the plaintiff, at the May term, 1888. The defendants bring the case to this court.

*Clarence Spooner,* for plaintiffs in error.

Opinion by GREEN, C.: R. M. Hamill owned and occupied certain premises in Harvey county as a homestead. On the 8th day of August, 1883, he conveyed the same to his wife, Ruby E. Hamill. Some time before such conveyance, R. M. Hamill had purchased of M. S. Tyler, doing business as the Western Lumber Company, certain lumber and materials for use in the construction of improvements on such premises. On the 4th day of January, 1884, R. M. Hamill gave to the Western Lumber Company his note for the balance due for such material. A suit was afterward commenced by M. S. Tyler, as the Western Lumber Company, in the district court of Harvey county, upon said note, and to foreclose a mechanic's lien. On April 3, 1886, judgment was rendered in favor of Tyler and against Hamill for the amount of such note and interest, but the court did not award a decree for a

mechanic's lien. At the time of the rendition of such judgment the court made the following finding of fact:

"That said defendant, R. M. Hamill, is indebted to the plaintiff, M. S. Tyler, doing business as the Western Lumber Company, in the sum of $199.14; for lumber and material furnished said defendant, R. M. Hamill, and by him used in the erection of a dwelling-house on said premises, while he was the owner thereof, and before said conveyance to Ruby E. Hamill, his wife."

Ruby E. Hamill died intestate on August 5, 1885, leaving R. M. Hamill and some minor children as heirs at law. On May 27, 1886, R. M. Hamill deeded to the defendant in error an undivided half-interest in the premises. On the 6th day of December, 1886, an execution was issued upon the judgment in favor of Tyler, and the sheriff levied upon the undivided interest of the property deeded by Hamill. The defendant in error then brought this action to enjoin the plaintiff in error from selling the property, claiming that the same was exempt as a homestead. The district court decided in favor of the plaintiff below, and perpetually enjoined the sale of the premises.

It is claimed that the finding of the court, that the indebtedness for which the note was given was for lumber and material furnished by Tyler and used by Hamill in the erection of a dwelling-house on the premises in question, while he was still the owner, and the judgment entered upon such finding, constituted a lien upon the property of Hamill, whether a homestead or not; that for that particular debt there was no homestead exemption. This question involves the construction of § 9 of article 15 of the constitution. Section 9 provides for the exemption of 160 acres of farming land, or one acre within the limits of an incorporated city, occupied as a residence by the family; "but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon." The plain reading of this clause of the constitution is, that there shall be no exemption for the pur-

chase-price of land or for improvements erected thereon. The court in this case found that the debt for which judgment was given was for improvements. This finding was as conclusive as the finding of the amount due. (*Reed v. Umbarger*, 11 Kas. 207.)

This court has said, in a case where there was a judgment upon several promissory notes given for the purchase-price of land, that the judgment should be an ordinary personal judgment against the defendant for the amount of the note and costs, authorizing an ordinary execution to be issued against the property in general of the judgment debtor subject to execution; and on such an execution, the officer, after exhausting the personal property of the judgment debtor subject to execution, might levy on such real estate — or on any other real estate of the judgment debtor subject to execution — whether the real estate first mentioned was occupied as a homestead or not. (*Green v. Barnard*, 18 Kas. 518.)

In construing this same clause of the constitution, with reference to obligations contracted for the purchase-price of the homestead, it has been said:

"There is no homestead exemption law as against obligations contracted for the purchase-money. As to such obligations, the rule is just the same as if no exemption law had ever been adopted. And land held as a homestead is, with respect to such obligations, governed by just the same rules as if it were not a homestead." (*Nichols v. Overacker*, 16 Kas. 54.)

No brief has been furnished us upon the part of the defendant in error; hence we have no means of knowing what claim was made in the district court by the plaintiff below that would take this case out of the rule heretofore established by this court in the case already cited. The court having found that the debt for which judgment was rendered was for lumber and material furnished for improvements, we think there was no exemption, and the sale of the property should not have been enjoined.

The judgment of the district court should be reversed.

By the Court: It is so ordered.

All the Justices concurring.