## GOTTLIEBE HOFMAN V. PETER DEMPLE.

HOMESTEAD —*Judgment Establishing Lien*—*Parties.* No judgment can ·
be entered establishing or foreclosing a lien on a homestead unless
both husband and wife are made parties to the suit, when the lien
claimed is neither for taxes, for the purchase of the premises, nor the
erection of improvements thereon.*

### *Motion for Rehearing.*

THE facts sufficiently appear in the opinion herein, filed
October 6, 1894, and in *Hofman v. Demple*, 52 Kas. 756, *et
seq.*

*W. R. Hazen*, for the motion.
*Frank Herald*, contra.

*Per Curiam:* The facts in this case appear in the report
contained in 52 Kas. 756. On the original hearing in this
court, while the correctness of the judgment as rendered was
challenged by the plaintiff in error, our attention was not es-
pecially called to the want of a necessary party to make the
judgment effective. The land which is the subject of the
controversy is the homestead of the plaintiff in error and
her husband, Michael Hofman, if the findings of the trial
court are correct. The court found that the defendant, hav-
ing paid off a mortgage and tax liens, amounting to $473, on
the faith of the deed from Hofman and wife to the defend-
ant, which was set aside by the court, ought in equity to be
subrogated to the rights of the original mortgagee. The
judgment entered directs a foreclosure of this lien and sale
of the premises.

While we are satisfied that sound equitable principles were
applied by the court to the facts found, and that the defend-
ant in error ought, under all the circumstances stated in the
findings, to be subrogated to the rights of the original mort-
gagee, and receive payment for the moneys advanced by him

*See *Hofman v. Demple*, 52 Kas. 756.

to discharge the incumbrances out of the homestead, the court could not, in the absence of Michael Hofman, enter a judgment directing a sale of the lands. Nor is Michael Hofman concluded by the findings of the court in this case. He may contest every question which was passed on by the court in any action to which he may be made a party. A sale made under process issued on this judgment would clearly be invalid. The court cannot fully adjust the rights of these parties until Michael Hofman is brought into court. If this property is a homestead of Hofman and wife, no judgment rendered in an action to which both are not parties can affect it. It therefore follows that a rehearing must be granted, and the judgment reversed.

HORTON, C. J.: This was an action in the court below to have the signature of the plaintiff to a deed conveying away her homestead declared void, on account of the fraud of the defendant. Upon the allegations of the petition, and the proof introduced thereon, the plaintiff was entitled to the decree prayed for. The defendant, in his answer, demanded that he might be subrogated to the rights of a mortgagee whose mortgage he had paid after he obtained the conveyance. As the mortgage purported to be signed by both the plaintiff and her husband, and as the husband was not a party to the suit, its validity or the amount due thereon could not be properly litigated. Hence, I express no opinion upon the alleged equities discussed, nor upon the right of subrogation claimed by defendant.