ABEL A. BACH *et al.*

*v.*

HENRY MAY.

*Filed at Ottawa November 9, 1896.*

1. JUDICIAL SALES—*when inadequacy of consideration is ground for setting aside.* Inadequacy of consideration, coupled with circumstances of irregularity or fraud, may be sufficient ground for setting aside an execution sale.

2. HOMESTEAD—*sale of, on execution—when set aside.* A sale of a homestead by the sheriff will be set aside where it appears that the homestead was worth in excess of $1000, and that no steps were taken to set off the exemption to the debtor.

3. SAME—*presumption that claimant is entitled to exemption.* A party showing that he is the head of a family, that he occupied the premises as a homestead at the time judgment was rendered, and that he has not released the same, is *prima facie* entitled to his homestead exemption unless such homestead is shown to be liable to sale under the statutory exceptions.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

HOLLETT & TINSMAN, for appellants:

The bill or petition seeking to set aside a sale on the ground that homestead was not set off, should affirmatively show that the party seeking relief is not within the exception provided by the statute. Hurd's Stat. p. 691, sec. 3; *Kitchell* v. *Burgwin*, 21 Ill. 40.

While ejectment could not be maintained by the holder of a sheriff's deed in a case where the debtor was entitled to a homestead exemption, yet in equity the sale is

good, and the deed conveys good title as to all the surplus in the property over and above the sum of $1000 in value. *Leupold* v. *Krause,* 95 Ill. 440; *Loomis* v. *Gerson,* 62 id. 11; *Stevens* v. *Hollingsworth,* 74 id. 202.

A debt incurred for the purchase or improvement of the homestead will bar the right to interpose the claim. *Booker* v. *Anderson,* 35 Ill. 87; *Hurd* v. *Hixon,* 27 Kan. 722; Waples on Homestead, 361, and cases cited; *Strohecker* v. *Irvine,* 76 Ga. 639; *Nichols* v. *Overacker,* 16 Kan. 54.

Rubens & Mott, for appellee:

Although gross inadequacy of price, alone, will not be sufficient to avoid a sale under judicial process, yet it will, when combined with irregularity in making the sale, or even slight circumstances indicating unfairness or fraud, furnish sufficient ground for equitable interposition. *Davis* v. *Dock Co.* 129 Ill. 180; *Hamilton* v. *Quimby,* 46 id. 90; *Comstock* v. *Purple,* 49 id. 158; *Smith* v. *Huntoon,* 134 id. 24; *Morris* v. *Robey,* 73 id. 462; *McMullen* v. *Gable,* 47 id. 71; *Mixer* v. *Sibley,* 53 id. 75; *Dutcher* v. *Leake,* 44 id. 398; *Thomas* v. *Hebenstreit,* 68 id. 115; *Stewart* v. *Croes,* 5 Gilm. 442.

The law exempts the homestead. The debtor is required to perform no act, to discharge no duty, or even manifest any intention to avail himself of its benefits. *Green* v. *Marks,* 25 Ill. 221; *Pardee* v. *Lindley,* 31 id. 174; *Hubbell* v. *Canady,* 58 id. 455.

Mr. Justice Craig delivered the opinion of the court:

This was a bill brought by Henry May, in the circuit court of Cook county, against Abel A. Bach and Theron H. Beckwith, to vacate and set aside a sale of lot 5, block 3, of a certain subdivision in Chicago. The defendants put in an answer to the bill and also filed a cross-bill, and on the hearing on the pleadings and evidence the court entered a decree dismissing the cross-bill and vacating the sale of the premises, as prayed for in the bill.

The facts, so far as they are necessary to be stated, as shown by the record, are substantially as follows: On the 11th day of December, 1890, and for several years before that time, the complainant owned and occupied the premises with his wife and family as a homestead. On December 11, 1890, the defendants obtained a judgment in the Superior Court of Cook county against the complainant and his wife for the sum of \$70 and costs, amounting in all to \$120.20. Execution was issued on said judgment, and on the 17th day of December, 1890, was placed in the hands of the sheriff for collection. On the second day of February, 1891, the sheriff levied upon the premises, and on February 24, 1891, sold the same for \$133.10 to Abel A. Bach, and issued to him a certificate of sale in the usual form, and on the 26th day of May, 1892, no redemption having been made from the sale, the sheriff issued to Bach a sheriff's deed, which was recorded May 28, 1892. It also appears that at the time of the sale no steps were taken to set off a homestead or appraise the property, as required by the statute, although the premises were occupied by complainant as a homestead. These, in substance, were the facts found by the master, and his finding is sustained by the pleadings and the evidence.

Section 1 of chapter 52 of our statute, entitled "Exemptions," (Rev. Stat. 1874, p. 497,) provides "that every householder having a family shall be entitled to an estate of homestead, to the extent in value of \$1000, in the farm or lot of land and buildings thereon owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence, and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution, sale for the payment of his debts, or other purposes, and from the laws of conveyance, descent and devise, except as hereinafter provided." Section 10 provides that in case the creditor or officer holding an execution against the householder is of opinion that the premises are worth more than \$1000, three

householders shall be summoned as commissioners to appraise the premises, and if in their opinion the premises can be divided without injury to the interests of the parties, they shall set off so much of the premises, including the dwelling house, as in their opinion shall be worth $1000, and the residue may be advertised and sold by the officer on the execution. The statute further provides, that where the homestead premises are not worth more than $1000 a judgment against the owner is no lien, and he may sell the premises to any person he desires, and the purchaser who goes into possession will hold the premises free from the vendor and all claims of his creditors, by judgment or otherwise; but where the premises are worth more than $1000 a judgment or decree rendered against the homestead debtor will be a lien on the value of the premises in excess of $1000, but such lien must be enforced in the manner prescribed by the statute or in a court of equity. (*Asher* v. *Mitchell,* 92 Ill. 480.) Here no steps whatever were taken by the sheriff to set off the homestead, but, disregarding the statute, he went in and sold the premises in the same way he would have done if the premises had not been occupied as a homestead. Moreover, the premises were sold for the sum of $133.10, when the evidence tends to prove that the premises at the time of sale were worth from $3500 to $4000. Under such circumstances we do not think a court of equity would be justified in upholding a sale. It may be conceded, that inadequacy of consideration alone will not, as a general rule, be a sufficient ground to set aside a judicial sale, yet when inadequacy is coupled with circumstances of irregularity or fraud the sale may be set aside. (*Hobson* v. *McCambridge,* 130 Ill. 367; *Dutcher* v. *Leake,* 44 id. 398; *Smith* v. *Huntoon,* 134 id. 24.) Here the premises were sold, contrary to the plain provision of the statute, for a very small sum of money in comparison with the true value, and we think it would be an act of gross injustice to allow a sale of that character to stand.

The court required the amount for which the premises were sold, with interest, to be deposited in court for the benefit of the purchaser at the sale. This was all that appellants were entitled, in equity, to ask. Indeed, the decree is fully sustained by the rule laid down in *Leupold* v. *Krause*, 95 Ill. 440, where, in the discussion of a similar case, the court said: "If, by reason of the irregularity of selling without having the homestead set off, the property was sold at a sacrifice, complainant should permit his sale to be set aside upon payment of his judgment, if the parties interested in the land are willing to pay the same."

It is, however, said, the debt for which the premises were sold was incurred for the improvement of the premises, and upon this ground the sale should be sustained. This fact is not set up in the bill or cross-bill, nor was it proven on the trial. The only evidence claimed in the argument to establish the fact is that of Mrs. May, wife of appellee, who testified, on cross-examination, that the "judgment obtained by Bach and Beckwith was for work done on our house." When the work was done, what amount of work, under what contract or upon what house does not appear. This was too indefinite to establish the fact that the judgment on which the premises were sold was a debt incurred for the improvement of the premises involved.

But it is said, the burden was on complainant to prove that the judgment was not for a debt incurred for the improvement of the premises. This court has held otherwise. (*Stevenson* v. *Marony*, 29 Ill. 532; *White* v. *Clark*, 36 id. 285.) In the case last cited it is said (p. 289): "When the defendant shows that he was the head of a family, is a householder, and owned and occupied the lot of ground as a residence when the judgment was rendered or the deed or mortgage given, and the right to claim the benefit of the act has not been released, he has brought himself *prima facie* within the provisions of the law, and to over-

come this *prima facie* case the plaintiff must show that it falls within some of the exceptions which render it liable."

The court in its decree, upon setting aside the sale, required the complainant to deposit with the clerk of the court $153.52,—the amount for which the premises were sold and interest thereon,—to be paid to the defendants at any time they might call for the amount. This part of the decree was very favorable to the defendants, and, so far as we are able to discover, they have no just ground of complaint.

The decree of the circuit court will be affirmed.

*Decree affirmed.*