## Barney J. Huening and Henry J. Huening v. Margaret Buckley et al.

1. HOMESTEAD EXEMPTION—*Liability Incurred for the Purchase, or Improvements.*—Under the statute (Sec. 3, Chap. 52, R. S. 1897) no property is exempt as a homestead for a debt or liability incurred for the purchase or improvement of the same.

2. EXEMPTIONS—*Duty of the Sheriff.*—When the sheriff receives an execution and is directed by it and the plaintiff therein named to serve it, it is his duty to serve the writ and to inquire whether the claims of the defendants that levied upon is exempt or not, and for failure so to do, is liable to an action.

3. PRACTICE—*In Actions Against Sheriff for a Failure to Execute a Writ.*—It is not necessary for a person aggrieved to resort to a separate action at law against the sheriff for his failure to execute the writ. He may proceed in the court from which the writ issued, by motion or petition, for a rule on the sheriff to show cause why he should not be dealt with for contempt in disobeying the writ.

4. SHERIFFS—*Duty to Execute Process—Remedy for a Failure.*—It is the business of the sheriff to execute process regular upon its face and emanating from a court of competent jurisdiction, and this court has no doubt of the power of the court issuing the process upon motion, with notice to the parties concerned, and a showing that the property levied upon is claimed as a homestead, and the basis of the debt in question was for the improvement of such homestead, to order the sheriff to proceed with its sale.

5. BURDEN OF PROOF—*When Premises are Claimed as a Homestead.* —Where real estate is claimed to be exempt as a homestead it devolves upon the plaintiff in execution, after it is shown that the debtor is within the statute, to rebut it, by establishing that the debt, or a part of it, was for the purchase money, or improvements made upon the homestead.

Creditor's Bill.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed February 26, 1900.

**Statement by the Court.**—Appellants recovered a judgment in the Cook County Court against appellee Buckley, on which execution was issued and placed in the sheriff's hands, with directions to levy upon and sell certain real estate claimed to be owned by and in the possession of said Buckley. The execution was levied, but before the time fixed for sale, Buckley falsely and fraudulently claimed rights of homestead exemption in and to said real estate, and represented to the sheriff that the indebtedness on which said judgment was based was not incurred for the improvement of said real estate, which it is alleged was untrue, and on the contrary, that the debt .contracted by said Buckley to appellants was for work and labor performed and materials furnished and used in the improvement of said real estate. The record of the judgment failed to show that the debt on which it was based was for the improvement of the real estate.

By reason of said claim and representations of said Buckley to the sheriff, and because appellants refused to advance his fees to pay commissioners to appraise the value of said real estate and set off the homestead, he refused to proceed with the sale of the real estate, and at the end of ninety days returned the execution no part satisfied.

The real estate is incumbered and the equity of Buckley therein is worth less than $1,000.

Appellants filed their bill in the Circuit Court, which alleges, in substance, the matters above stated, and it also contains the usual and ordinary allegations of a creditor's bill, and makes the other appellees herein parties, alleging that they are indebted in divers amounts to the appellee Buckley.

The bill prays for discovery, that Buckley be decreed to pay the judgment, that an injunction issue restraining her from disposing of her property, for the appointment of a receiver, and among other things, that the court may decree that said judgment was rendered for an indebtedness incurred for the improvement of said real estate, and that the same be ordered sold, free and clear of any right

or claim of homestead or exemption of said Buckley, and for general relief.

Appellees demurred generally and specially to the bill, and among the special causes of demurrer assigned was that appellants had a complete, adequate and sufficient remedy at law. The demurrer to the bill was sustained and the bill dismissed for want of equity, from which decree the appellants prosecute this appeal.

WILLIAMS & KRAFT, attorneys for appellants.

No appearance by appellees.

MR. JUSTICE WINDES delivered the opinion of the court.

The only question necessary to be considered is whether appellants have a complete, adequate and sufficient remedy at law to enforce their judgment against the appellee Buckley. If they have, then the decree dismissing the bill was proper, and it will be unnecessary to consider the other questions raised by appellants.

Sec. 3, Chap. 52, Rev. Stat. Ill. (1897), with reference to exemptions of homestead, provides that no property shall, by virtue of the act, be exempt from sale "for a debt or liability incurred for the purchase or improvement thereof."

It is claimed that because Buckley fraudulently represented to the sheriff that she had a claim or right of homestead in said real estate, and that the debt on which said judgment was based was not incurred by her for the improvement of said real estate, that therefore appellants have the right because of such fraudulent claim and representations to come into equity for relief.

· The record of the judgment of the County Court, it is true, does not show that it was based upon a claim for the improvement of the real estate, but the sheriff was directed by the writ of execution in his hands and by the appellants to sell this real estate. It was his duty to serve the writ and to inquire whether or not the claim of appellee was true that the property levied upon by him was exempt, and

for failure so to do is liable to an action. Crocker on Sheriffs, Sec. 851; Starr & C. Stat., Ch. 125, Sec. 15.

But it is not necessary that appellants have resort to their action against the sheriff for his failure to execute the writ. They may proceed in the County Court by motion or petition for a rule on the sheriff to show cause for not making the sale, or for contempt in disobeying the writ. Murfree on Sheriffs, Secs. 956, 963 and 964; Starr & C. Stat., Ch. 125, Sec. 16.

Our statute does not specifically provide as to final process for the practice of proceeding against the sheriff by motion or for contempt, but it has been repeatedly decided that it is the business of the sheriff to execute process regular upon its face and emanating from a court of competent jurisdiction, and we have no doubt of the power of the County Court, upon motion, notice to the parties concerned, and a showing that the basis of the debt in question was for the improvement of this real estate, to order the sheriff to proceed with its sale, notwithstanding the claim of the appellee Buckley to the contrary. People, for use, etc., v. Palmer, 46 Ill. 398; Stevenson v. Maroney, 29 Ill. 532; White v. Clark, 36 Ill. 285; Wiggins v. Chance, 54 Ill. 178; Bush v. Scott, 76 Ill. 524; Bach v. May, 163 Ill. 547.

In the Stevenson case, *supra*, it appears that a motion was made in the Circuit Court to vacate a levy and sale of certain lots by virtue of two executions of that court, for the reason that the lots were the homestead of the defendant in the execution, at and before the time the judgments were recovered upon which the executions were issued, and because the lots, with their improvements, were not worth $1,000. The motion was overruled, but the Supreme Court reversed the judgment, saying, among other things, " that in such a proceeding it devolves upon the plaintiff in execution, after it is shown that the debtor is within the statute, to rebut it, by establishing that the debt, or a part of it, was for the purchase money or improvements made upon the homestead.   *   *   *   When the creditor affirms that his debt was incurred for the purchase money or improvement of the homestead, no reason is perceived why

he should not be required to establish that fact. Where the debtor has shown that he is within the provisions of the enacting clause of the first section (referring to the statute in question), he is *prima facie* entitled to its benefits. And it must be rebutted by the creditor to subject the property under the provisions of the second section."

The court then says that as there is no mode pointed out by the statute as to how the rights of parties in such matters are to be ascertained, it must be regulated by the courts; and that while it would be a proper method to make proof and have the fact found by the court rendering the judgment that the debt or any portion of it was created for the purchase or improvement of the homestead, it does not wish to be understood as saying that this should be the only mode, and that when the question should afterward arise, " on motion or otherwise, he must be held to establish and show what portion of his judgment is for purchase money or improvements, before he can sell the homestead, if of less value than $1,000."

This case has been cited with approval in three of the cases above noted, the practice of presenting such matters to the court by motion, as there indicated, not being disapproved; and for the reasons that this method of procedure obtains in other jurisdictions, and would seem to be proper under the provisions of the statute, we are of opinion that appellants have a clear and complete remedy at law by motion in the County Court to have the matter adjudicated as to whether their claim, on which the judgment is based, was incurred for the improvement of the real estate in question.

Appellants made no basis by their bill to sustain it as a creditor's bill solely because there was no return of the execution *nulla bona*, and besides, its allegations show that the real estate in question was subject to their judgment, the title thereto being of record in the name of the debtor, and no reason why it should not have been sold by the sheriff for their claim.

The decree of the Circuit Court is therefore affirmed.