[No. 6423. Decided December 4, 1906.]

SAMUEL N. GUSTIN et al., Appellants, v. HUGH B. CROCKETT et al., Respondents.[1]

ACTIONS—JOINDER—REFORMATION OF INSTRUMENTS. There is no improper joinder of causes of action in a complaint to reform plaintiffs' absolute deed, which was intended as a mortgage, and to restore the plaintiffs' rights in the premises by placing them in possession, and for the cancellation of a fraudulent judgment of ouster obtained by the grantors in the deed.

REFORMATION—ABSOLUTE DEED AS MORTGAGE—MORTGAGEE IN POSSESSION—TENDER OF DEBT—PLEADING. The complaint in an action against parties in possession to reform an absolute deed as a mortgage need not allege tender of the debt due, where the defendants obtained possession by fraud, and under the terms of the mortgage deed, the plaintiffs were given the right to possession.

HUSBAND AND WIFE—COMMUNITY PROPERTY—JUDGMENT OF FORCIBLE ENTRY AGAINST HUSBAND ALONE. A judgment of forcible entry and detainer against a husband alone ousting a husband and wife from community property is void, where both were in peaceable possession by no act of trespass or wrongful entry by the husband.

Appeal from a judgment of the superior court for King county, Griffin, J., entered May 8, 1906, upon sustaining a demurrer to the complaint, dismissing an action to decree an

[1]Reported in 87 Pac. 839.

absolute deed a mortgage and for the restoration of plaintiffs' rights thereunder. Reversed.

*Parker & Brown*, for appellants.

*Blaine, Tucker & Hyland*, for respondents.

HADLEY, J.—The amended complaint in this cause alleges in substance as follows: That the plaintiffs are husband and wife, and are the owners in fee of certain real estate; that they acquired the title to the premises in June, 1900, and were in the actual and lawful possession thereof on the 7th day of February, 1906, when they were wrongfully dispossessed in the manner hereinafter stated; that they occupied the premises as their homestead for about six years, and that they expended large sums of money in improving the same; that they are well advanced in life, each being of the age of seventy-four years; that the premises are of the value of $2,500, due largely to the labor performed and money expended by them thereon; that the defendant Laura S. Crockett was the wife of a deceased son of the plaintiffs, and that she, subsequently to the death of their son, intermarried with the defendant Hugh B. Crockett, whose wife she now is; that the relations existing between the plaintiffs and said Crocketts were friendly, intimate and confidential, such as ordinarily exist between members of the same family; that while plaintiffs were engaged in improving their said homestead, they were compelled to expend sums of money for lumber and other material used in making such improvement, and that the said Hugh B. Crockett from time to time advanced to them sums of money, not exceeding in all $470; that on or about the 6th day of May, 1901, they became indebted to him in the above sum, and were negotiating for a loan upon the premises for the purpose of paying said debt; that the said Crocketts advised them not to mortgage their property, urging that the mortgage might be foreclosed and they might lose their homestead; that they advised the plaintiffs that the

safest and best way to manage the indebtedness was for plain-
tiffs to make a deed to the Crocketts to secure the debt; that
the possibility of loss by foreclosure would thus be avoided,
and the plaintiffs would not be disturbed in their occupancy;
that, relying upon said representations and having confidence
in the integrity of said Crocketts, plaintiffs, for the purpose
of securing said indebtedness, executed a deed for the prem-
ises to said Laura S. Crockett, which deed was absolute on its
face but was, in fact, a mortgage for the purpose aforesaid;
that said representations and professions of friendship made
by the Crocketts were made with the false and fraudulent in-
tent of cheating the plaintiffs out of their home; that about
the 14th day of October, 1903, said Laura S. Crockett wrong-
fully, and in violation of the trust and confidence reposed in
her, conveyed said property to her said husband, Hugh B.
Crockett, which deed was in furtherance of a conspiracy
to defraud the plaintiffs, in which both parties to the deed
were then engaged; that about April 19, 1904, said Hugh B.
Crockett made a mortgage upon said property to the defend-
ant Janish, to secure $650, and that said Janish had notice of
the rights of plaintiffs in the property; that on the 5th day of
April, 1904, the said Crocketts commenced an action against
Samuel N. Gustin, one of the plaintiffs, on the false and
fraudulent pretense that said Crocketts were the owners of
said property, and that said Samuel N. Gustin was their ten-
ant; that by the fraudulent use of documentary evidence, by
false testimony and perjury, and by the fraudulent pretense
that the alleged lease had been terminated, a judgment was
obtained against said Samuel N. Gustin for the possession of
the property, and a writ of restitution was issued thereon
against said Samuel N. Gustin, which was executed against
him and also against Sarah L. Gustin, who was not a party
to said action; that said property is the community prop-
erty of the plaintiffs, and that they are entitled to the use
and occupancy thereof.

The complaint prays, among other things, that the deed to Laura S. Crockett be adjudged a mortgage; that the mortgage by Crockett to Janish be adjudged fraudulent and void; that the judgment for restitution be held for naught and cancelled, and that plaintiffs be restored to possession and permitted to redeem from their said mortgage. The defendants Crockett and wife demurred to the complaint, and the demurrer was sustained. The plaintiffs declining to plead further, judgment was entered dismissing the action, and they have appealed.

It is assigned that the court erred in sustaining the demurrer. The demurrer stated three grounds; (1) that the complaint does not state sufficient facts to constitute a cause of action; (2) that several causes of action are improperly united; and (3) that it appears upon the face of the complaint that the action is barred by the statute of limitations.

The record does not disclose upon what ground the demurrer was sustained, but respondents argue two of the stated grounds of demurrer, viz., that the complaint does not state a cause of action, and that several causes of action are improperly united. With reference to the latter point we find that the pith of the complaint is that the relations of mortgagor and mortgagee exist between appellants and respondents; that respondents as mortgagees have wrongfully conveyed and attempted to incumber the mortgagors' property, and have wrongfully obtained possession thereof. Appellants simply seek by the action to be restored to their rights as mortgagors, and we think there is in effect but one cause of action stated. The demurrer is therefore not well taken on the ground that several causes of action are improperly united.

Does the complaint state facts sufficient to constitute a cause of action for the relief asked? Respondents argue that the complaint avers no tender of the amount of the alleged indebtedness; that, under the allegations of the com-

plaint, they are mortgagees in possession, and that appellants must pay or tender the amount due before they are entitled to any relief. It is true the complaint shows that respondents were in actual possession when the suit was begun, but the facts alleged with reference to their possession do not show that they are mortgagees in possession. Ordinarily one entitled to the rights of a mortgagee in possession must have obtained the possession by consent of the mortgagor, which is not true of respondents if the allegations of the complaint are true. This court has also frequently held that a mortgagee who has obtained possession through a void foreclosure which has been prosecuted in good faith, shall have the rights of a mortgagee in possession, even when the mortgagor has not actually consented. But there has been no such attempted foreclosure here. The elements which establish the rights of a mortgagee in possession do not therefore exist here. The mortgagor is entitled to possession in the absence of a specific agreement to the contrary, and this complaint avers an express agreement that the mortgagors should retain possession. They are not therefore required to tender the amount of the mortgage debt as a condition precedent to their right to possession, which they allege has been wrested from them wrongfully, and without their consent.

The complaint states sufficient facts to authorize relief to appellants, unless the facts averred with reference to respondents' suit for possession preclude relief. Respondents argue that appellants are concluded by that judgment, since they did not appeal from it, notwithstanding their allegations that the judgment was obtained by fraud. It will be remembered, however, that appellant Sarah L. Gustin was not a party to that action; that the suit was against her husband only, and that the land was the community property of the two. Manifestly the rights of the wife were not determined in that action, and the rights of the community could not be determined without her presence. Respondents cite the case of

*Saunders v. Webber*, 39 Cal. 287, as an authority to the effect
that a judgment in an action of forcible entry and detainer
against the husband is sufficient authority to oust any member
of his family.    An examination of that case shows that the
judgment established that the husband had forcibly and
wrongfully entered and expelled another and the court held
that the trespass was his, and that a judgment against him
of such a character was sufficient authority to put out any
member of his family.    The facts here are altogether differ-
ent.    The averments of this complaint show that there was
no trespass, but that the community owned the property, and
that both members thereof were in peaceable possession.    Un-
der such circumstances the rights of the community to such a
possession could not be determined in the action to which the
wife was not a party.    That judgment was, therefore, in-
effective, and does not preclude appellants from now showing
that the relation of mortgagors and mortgagees has at all
times existed, and that they are entitled to all the rights of
mortgagors in the premises, including the right to have the
alleged wrongful conveyance, mortgage and judgment can-
celled.

We think the court erred in sustaining the demurrer to the
complaint, and the judgment is reversed and the cause re-
manded with instructions to vacate the judgment of dismissal
and overrule the demurrer.

FULLERTON, DUNBAR, ROOT, and CROW, JJ., concur.

MOUNT, C. J. and RUDKIN, J., took no part.