THE STATE OF MARYLAND *vs.* MURPHY AND THOMPSON.
*June* 1839.

If a party who has recognized to appear to answer to an indictment, ap-
pears accordingly, and is discharged by the judgment of the court without
day, and that judgment is reversed upon a writ of error, and the record
remanded with directions to proceed with the prosecution, the recog-
nizance cannot be forfeited, if the party fails to re-appear to answer to the
indictment.

APPEAL from *Anne Arundel* County Court.

In this case the appellee, *J. D. Murphy,* at February term
1837, had been indicted in *Baltimore* City Court for a misde-
meanor under the act to prevent gaming. Upon his suggestion
and affidavit, the cause was transmitted to *Anne Arundel* coun-
ty court for trial, the traverser and the other appellee, *Joseph
B. Thompson,* entering into the following recognizance:

"And thereupon the said *Jesse D. Murphy* acknowledges
himself to owe and stand justly indebted unto the *State of
Maryland* in the sum of $2000 current money, and *Joseph B.
Thompson,* also present here in court, and who is by the court
here deemed good and sufficient, in like manner acknowledges
himself to owe and stand justly indebted to the *State of Ma-
ryland* in the sum of $2000 current money, which said sums
of money they and each of them acknowledge, shall be made
and levied of their bodies, goods and chattels, lands and ten-
ements, to and for the use of the *State of Maryland,* in case
the said *J. D. M.* shall not make his personal appearance be-
fore *Anne Arundel* county court, to be held at the city of *An-
napolis* on the fourth Monday of October next, to answer the
charge aforesaid, and shall not depart the said court without
the leave thereof."

At the October term of *Anne Arundel* County Court the tra-
verser appeared, and demurred generally to the indictment, in
which demurrer the *State* joined, and the county court adjudg-
ed that the said *Jesse D. Murphy* be dismissed and discharged
of the said indictment, and that he go thereof without day.

From this judgment the *State* sued out a writ of error from

Chancery, and brought the cause to the Court of Appeals, where, at December term 1838, the judgment of the county court was reversed; and the *State* adjudged to be restored to all things which by reason of said judgment she hath lost, and the cause was remanded to the county court with directions to proceed in the prosecution aforesaid, and to a trial thereof in the same manner as if no judgment had taken place or any writ of error had been prosecuted.

The record being sent back in due course of law, at April term 1839, *Boyle, D. A. G.* appeared on behalf of the *State.* "And the said *Jesse D. Murphy* being solemnly called to come into court, according to the tenor of his recognizance aforesaid comes not, but makes default. Thereupon the *State* prays that the recognizance aforesaid of the said *Jesse D. Murphy* and *Joseph B. Thompson* may be forfeited, but the county court (Dorsey, C. J., Brewer and Wilkinson, A. J.) overruled the motion, and adjudged that they be discharged from their said recognizance.

From this judgment the *State* sued out another writ of error.

The cause was argued before Buchanan, C. J., Stephen, Archer, Chambers, and Spence, J.

By Z. C. Lee and Boyle, D. A. G., for the *State,* and
By C. F. Pitts and Glenn for the appellees.
By the court.                    JUDGMENT AFFIRMED.