STATE OF KANSAS, *Appellant,* v. JAMES THOMPSON *et al.,* *Appellees.*

A ground for quashing an indictment for a violation of the law "to restrain dram shops and taverns, and regulate the sale of intoxicating liquors," [*Comp. L., p.* 486,] "that it does not charge that the offense was *not* committed within the limits of an incorporated city containing one thousand inhabitants," *held* insufficient, the provision in Sec. 15 of that act, excepting such cities from its operations, not being one of those exceptions necessary to be negatived in the indictment.

The rule is: "If there be any exceptions contained in the same *clause* of the act which creates the offense, the indictment must show negatively that the defendant, or the subject of the indictment, does not arise within the

exception. But if a proviso be in a subsequent clause or statute, or although in the same section, yet if it be not incorporated with the enacting clause by any words of reference, it is in that case matter of defense for the other party, and need not be negatived in the pleading."

Article 2 of the Constitution of Kansas is devoted to prescribing rules for, and defining the duties and powers of legislative bodies *under the Constitution.*

It cannot be conceived that the first clause of Sec. 17 of that Article, providing that "all laws of a general nature shall have a uniform operation throughout the State," was intended to have the retro-active effect of abrogating laws already passed.

The decision in *Albyer* v. *The State*, (10 *Ohio S.*, 589,) deciding a similar point with reference to an identical constitutional provision, in the same way, may well have been considered, by the framers of our Constitution, as deciding the construction of the language.

*Semble*, a literal construction of this constitutional provision, instead of making the law containing obnoxious exceptions existing at the time of its adoption, null, would extend them to the excepted portions of the State— a construction too disastrous in its consequences to be entertained.

### *Criminal Appeal from Shawnee County.*

Facts in the case relative to the points decided appear in the opinion of the Court.

In addition to the facts therein contained the copy of the indictment following is inserted :

"In the District Court Third Judicial District, State of Kansas, sitting in and for the County of Shawnee in said State of Kansas, of the November Term, in the year of our Lord one thousand eight hundred and sixty-two.

"THE STATE OF KANSAS }
          *vs.*                            }
JAS. THOMPSON & JACKSON THOMPSON. }

                    "THE STATE OF KANSAS, } ss.
                         Shawnee County,      }

"The jurors of the grand jury of the County of Shawnee and State of Kansas in the Third Judicial District Court for said State of Kansas, empanneled, sworn and charged to inquire of offences committed within the said

55

County of Shawnee in the said State of Kansas, in the name and by the authority of the State of Kansas, upon their oaths, do present and find that James Thompson and Jackson Thompson at (Indianola,) Shawnee County aforesaid, and within the jurisdiction of this Court, on the 4th day of November, A. D. 1862, that day being an election day, and between the hours of nine {of the clock in the morning of said day, and six of the clock in the evening of said day, at said Indianola, County of Shawnee aforesaid, did keep open their grocery *alias* dram shop *alias* tippling house, there situate, commonly known as Thompson's Saloon, for a long time, to-wit: for the space of two hours, in which said grocery *alias* dram shop *alias* tippling house, intoxicating liquors were sold, and are usually vended, for the purpose of selling and retailing intoxicating liquors, on said election day, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Kansas.

" A. H. CASE, *District Attorney,*
" *Third Judicial District, State of Kansas.*"

*Guthrie and Gilchrist* for appellant.

*J. & D. Brockway* for appellees.

The case was argued by *A. L. Williams,* for appellant, and by *J. Brockway,* for appellees.

No brief for appellant could be obtained for insertion.

*J. & D. Brockway,* for appellees, submitted :

1st.    This was an indictment against the defendants in error for an alleged violation of the liquor law.   *See Chap.* 84, *p.* 486, *Comp. Laws.*

By the 15th section of this act it is provided that all corporated cities containing one thousand inhabitants or more shall be entirely exempt from the operations of the act.

This is unquestionably an act of a general nature. It is not special in any sense whatever. A special law is a private act of the Legislature, such as respects a private person or individual.— *Webster*.

Section 17 of Art. 2nd of the Constitution of the State, provides that all laws of a general nature shall have a uniform operation throughout the State.

But this law does not have a uniform operation throughout the State.

Under the provisions of this act it is perfectly harmless in law to do the very act which this indictment charges as an offense against the defendants, provided the act is done within the limits of a corporated city containing one thousand inhabitants or more, and so of all the acts made criminal by this law, their criminality depends entirely on the fact of their being committed beyond the limits of a corporated city containing one thousand inhabitants or more.

It then being a law of a general nature and not uniform in its operation throughout the State, it is inconsistent with the first clause of Sec. 17, Art. 2 of the constitution, and was therefore abrogated by it. 6 *Ohio S.*, 269.

Section four of the schedule continued in force only such laws as were not inconsistent with the constitution.

The first clause of Sec. 17, Art. 2 of the constitution applies to all laws of a general nature, and includes those passed before the constitution took effect, as well as those passed afterwards. *Cass* v. *Dillon*, 2 *Ohio S.*, 616-617.

The intention of this provision in the constitution was to inaugurate a new system in the operation of general laws, to-wit: *uniformity*. There is nothing in the language of the section which indicates that there was to be any exception in favor of laws passed prior to the constitution.

It applies to all laws of a general nature whether they relate to civil or criminal matters.

This law gave rights of action in civil cases. It does not confine its provisions to criminal cases exclusively, but each

and all of its provisions are subject to the same objection. Section 15 of the law applies to all the provisions of the act, and it must all fall together.

There is a manifest injustice in making such discriminations as are found in this act in favor of the cities of the State. It makes it a crime to do that in one part of the State which would be perfectly harmless if done in another part.

It was to remedy such mischief that this clause was introduced into the constitution.

2d.    The indictment does not charge that the offense was not committed within the limits of an incorporated city containing one thousand inhabitants or more, and is therefore insufficient.

*By the Court,* KINGMAN, J.

The defendants were indicted in Shawnee County for a violation of the law " to restrain dram shops and taverns and regulate the sale of intoxicating liquors."

A motion was made to quash the indictment on two grounds.

1st.    That the indictment does not charge that the offense was not committed within the limits of an incorporated city containing one thousand inhabitants.

2d.    The statute on which the indictment is founded, is unconstitutional.

The motion was sustained and the indictment quashed. The State brings the case to this Court for revision.

The first of the causes assigned as grounds for quashing the indictment, must be held insufficient.

The law on this point is plain and is well stated in Archibold's Criminal Practice and Pleading, page 118, as follows: " If there be any exception contained in the same clause of the act which creates the offense, the indictment must show negatively that the defendant or the subject of the indictment does not arise within the exception. If,

however, the exception or proviso be in a subsequent clause or statute, or although in the same section, yet if it be not incorporated with the enacting clause by any words of reference, it is in that case matter of defense for the other party and need not be negatived in the pleading."

The exception contained in Section 15, page 489, Comp. Laws, as to incorporated cities is evidently not one of those necessary to be negatived in the indictment under the rules above cited. We do not feel inclined to sanction rules of pleading more stringent than those in use under the common law practice.

The second ground is, that the law on which it is founded is in conflict with the first clause of Sec. 17, Art. 2d of the Constitution, prescribing " that all laws of a general nature shall have a uniform operation throughout the State."

That this clause of the section has the effect to abrogate all laws passed by the Territorial Legislature of a general nature to which there were exceptions.

The law is admitted to be a general law, and by its terms has not a uniform operation throughout the State, its provisions not being in force in certain parts of the State, which are excepted from its operations.

A literal construction of this clause of the constitution would, instead of abrogating a law passed before the constitution took effect, extend its provisions to the excepted portions of the State. It in no way, by its terms can be held to repeal any law. It only declares that a general law shall have a uniform operation. But this construction, although a literal one, of the clause taken by itself is too absurd and too disastrous in its consequences to be worthy of consideration.

This clause is but part of one of twenty-eight sections of which all the others have direct reference to future legislative proceedings under the constitution. This is also true of the latter part of this section seventeen, which provides that " in all cases where a general law can be made appli-

cable no special law shall be enacted. The whole article is devoted to prescribing rules for and defining the duties and powers of legislative bodies under the constitution, and it is not conceivable that this part of a section only was intended to have the retro-active effect of abrogating so large a portion of our laws as would be done by the construction given to it by the Court below.

In Ohio in the case of Abyer *v.* The State, 10 Ohio S., 589, the Supreme Court held that a clause in the constitution of that State, identical with the one under consideration, did not act on the laws already passed, but only on those enacted after the adoption of the constitution. That decision had been made before our constitution was adopted and may well have been considered by the framers of that instrument as deciding the construction of the language in the section. See also, 3 Indiana Reports, 258, where the identical point is decided in the same way. We think it clear that the clause taken in its connection with the whole article was intended only to apply to laws passed under the constitution, and was not intended to affect the laws already in existence, and that the District Court in ruling otherwise erred.

The judgment of the Court below is reversed and the cause remanded for further proceedings.

All the justices concurring.