38  489
52  253

HENRY MOOREHEAD, *et al.,* v. THE STATE OF KANSAS.

RECOGNIZANCE—*Surety, When Discharged.* In an action upon an ordinary criminal recognizance, conditioned "that the defendant will be and appear before the said court on the first day of the regular term thereof, and not depart the same without leave," *held,* that the surety is discharged, if it be established that the defendant personally appeared at the time and place named in the recognizance; was present during the trial; at the rendition of the verdict; when the sentence was pronounced against him; and immediately thereafter was taken

into custody under the sentence and judgment of the court by the sheriff. If the defendant depart subsequently with the leave of the court, or sheriff, his recognizance cannot be forfeited, or his surety held liable thereon, as the recognizance is not conditioned that the defendant or his surety shall pay or satisfy the judgment.

*Error from Barber District Court.*

THE facts are stated in the opinion. Judgment for *The State*, at the May Term, 1886. The defendant *Dark* brings the case here.

*W. H. McCague*, and *Loren Edwards*, for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action upon the following written recognizance:

"THE STATE OF KANSAS V. HENRY MOOREHEAD.— *November Term*, 1883.—Whereas the action above entitled has been continued until the next regular term of said court, and whereas the said defendant has been required to enter into a recognizance in the sum of three hundred dollars for his appearance at said term:

"Now, therefore, we, the undersigned, are held and firmly bound unto the state of Kansas in the sum of three hundred dollars, conditioned that the said defendant will be and appear before the said court on the first day of the regular term, and not depart the same without leave.

HENRY MOOREHEAD.
W. C. DARK.

Approved in open court.—AMOS HARRIS, *Judge.*"

The answer of W. C. Dark, the surety, alleges that Henry Moorehead was personally present during his trial; at the rendition of the verdict of the jury; at the time sentence was pronounced upon him; and fulfilled all the conditions of his recognizance. The evidence on the part of the state showed that Moorehead was present at the trial of the case in which he was charged with larceny, up to the time of the rendition of the verdict. The evidence also showed that the court rendered judgment that he pay a fine of fifty dollars and the costs of the prosecution, and be committed to the jail

of Barber county until the fine and costs were paid. Dark called two witnesses, and offered to prove by each of them that Moorehead was personally present at the time the sentence was pronounced upon him; that thereupon he was committed to the custody of the sheriff; and that the sheriff actually took him into custody under the judgment of the court; but that subsequently, upon the day of the sentence, he was permitted to depart, with leave of the court and sheriff. To the introduction of this evidence the state objected. This objection was sustained, and the only question presented for our consideration is, whether this evidence was competent. It is difficult to understand from the minutes of the trial judge, and the journal entries of the court below, that Moorehead was not present to receive his sentence. It clearly appears that sentence and judgment were pronounced against him; and the statute provides that, if an offense be punishable by imprisonment, the defendant must be personally present when sentence and judgment are rendered; even if the offense is punishable by fine only, the defendant must be personally present, or some responsible person must undertake for him to pay the judgment and costs. (Crim. Code, § 245.)

If the journal entries do not show that Moorehead fulfilled all the conditions of his recognizance, we think the surety ought to have been permitted not only to show that Moorehead appeared and answered to the charge against him before the court, but also that he was present when the sentence and judgment were pronounced; and that immediately thereafter he was taken into custody by the sheriff. If these are the facts, then his surety is discharged from liability on the recognizance, as it is not conditioned that the defendant or his surety shall pay or satisfy the judgment. (*McGarry v. The State*, 37 Kas. 9; *Commonwealth v. Coleman*, 2 Met. [Ky.] 382; *Lyons v. The State*, 1 Blackf. 308–330.)

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.