THE CITY OF KANSAS CITY v. F. A. GARNIER.

No. 10599.

1. APPEAL — *from police court, bond running to city instead of state, valid.* A recognizance given upon appeal from a conviction in the police court in a city of the first class for the violation of a municipal regulation may be executed to the city.

2. —————— *bond referring to sufficient complaint, not void for not definitely describing offense.* Such recognizance is not absolutely void because it fails to definitely designate the offense for which a conviction was had, where it refers to the complaint which was transmitted with the recognizance and sufficiently describes the offense.

3. PAWNBROKERS — *city of first class may require to keep, and furnish to police, record of purchases.* Under the provisions of ¶ 555, Gen. Stat. 1889, a city of the first class has authority to enact ordinances for the regulation of the business of pawnbrokers; and to that end may require them to keep and furnish to the police department a record of property purchased or received by them as pawnbrokers, as well as a description of the persons from whom the property was purchased or received.

4. PROVISO — *not part of definition of offense, complaint need not negative.* In a clause of such an ordinance distinct from the one defining the offense there was a proviso to the effect that it is unnecessary to furnish a description of property purchased from manufacturers or wholesale dealers who have an established place of business, or which has been purchased at an open sale. *Held* that, the proviso being in a subsequent clause and not incorporated in the definition of the offense, it was unnecessary to negative it in the complaint.

*Appeal from Wyandotte District Court.*
*Hon. Henry L. Alden, Judge.*

REVERSED AND REMANDED.     OPINION FILED NOVEMBER 7, 1896.

*K. P. Snyder*, City Counselor, and *T. A. Pollock*, City Attorney, for appellant.

No appearance for appellee.

JOHNSTON, J.   This is an appeal from the ruling of the District Court quashing a complaint which charged

F. A. Garnier with the violation of a city ordinance regulating the business of pawnbrokers. The defendant was convicted in the Police Court, where a fine of $25 was imposed. To obtain an appeal he gave a recognizance, and it with the warrant and transcript of the proceedings were transmitted to the District Court. There, on motion of the defendant, the complaint was quashed and the defendant discharged.

Upon this appeal the City contends that the District Court had no jurisdiction, because the recognizance on appeal was defective; and an elaborate argument is made to show that it is void on its face. We think the statutory provision with reference to appeals was substantially complied with. It gave the title of the cause; it recited the rendition of the judgment, that an appeal had been taken therefrom, and that the principal and one surety acknowledged themselves indebted to the city of Kansas City in a 1-2, Bond not void, when. sufficient sum; and the condition was that Garnier should personally be and appear before the District Court of Wyandotte County on the first day of the next term to be holden in that county, to answer the complaint made against him and to abide the judgment of the Court. It was taken by the Police Judge and the surety approved by him. When it was transmitted to the District Court it became a matter of record there, and it appears to accord with the general practice in respect to taking appeals. It is defective in this: That it does not definitely designate the offense of which the defendant was convicted; but as it refers to the complaint, which was transmitted and became a matter of record with the recognizance, there is no difficulty in ascertaining the offense, and the defect is no more than an irregularity.

Another alleged defect is that the recognizance runs to the City instead of the State. The statute does not provide that recognizances shall be given to the State, nor does it designate to whom they shall be executed; but, as the offense was a mere violation of a municipal regulation, we think it was properly executed to the City. None of the defects suggested by the City destroy the validity of the bond or take away the jurisdiction of the Court over the subject-matter.

The trial court quashed the complaint upon a motion alleging that it did not charge an offense against the law of the State or an ordinance of the City, and because the ordinance upon which the complaint is based is illegal and void. The specific ground upon which the judgment quashing the complaint was based is not stated, and no appearance has been made here in behalf of the defendant. The ordinance provides that every pawnbroker shall keep at his place of business a register in which he shall enter in writing a minute description of every kind of property taken, purchased or received, the amount loaned thereon, the interest charged, and when the loan falls due. He is also required to give the person leaving the property a receipt in which the articles are to be described as in the register. It is further provided in section 3 of the ordinance that the pawnbroker shall make out and deliver to the chief of police every day before noon a legible and correct copy from the register of all the personal property or other valuable things received, deposited, or purchased during the preceding day, with a complete description of the persons leaving the pledges or from whom any purchase was made. At the end of the section there is a proviso that no per-

3. Pawnbrokers to furnish records of purchase.

son shall be required to furnish a description of any property purchased from manufacturers or wholesale dealers who have an established place of business, or of any goods or property purchased at an open sale; but that such goods or property must be accompanied by a bill of sale or other evidence of an open and legitimate purchase, which must be shown to the mayor or any member of the police department when demanded. A person violating the provisions of the ordinance may be fined in a sum not exceeding $100.

In the complaint it was alleged that, on September 18, 1895, the defendant was engaged in business as a pawnbroker, when he received certain articles of personal property as a pawnbroker but failed to make out and deliver to the chief of police before noon of that day a copy of the register required to be kept by him under the provisions of section 3 of the ordinance. Provision is made by statute for regulating the calling and occupation of pawnbrokers, and this appears to be sufficient authority for the ordinance that was enacted. ¶ 555 Gen. Stat. 1889. In view of the nature of the business, the character of many that are engaged in it, and the well-known fact that the pawnshop is frequently made a hiding place for the fruits of crime, the regulations prescribed by the ordinance cannot be regarded as unreasonable or oppressive. They are intended for the protection of the public, and they also tend to protect the pawnbroker himself from imposition and loss. *Launder v. City of Chicago*, 111 Ill. 291; *City of Grand Rapids v. Braudy*, 64 N. W. Rep. 29.

One of the claims was that the complaint was insufficient because it failed to negative the proviso contained in the last part of section 3. The proviso or exception is distinct from the clause defining the of-

fense, and simply excepts from the operation of that clause a certain class of purchases which may be made by persons engaged in the calling of pawnbrokers. The exception being in a subsequent clause, and not being incorporated in the definition of the offense, it was not necessary to negative it in the complaint. *The State of Kansas v. Thompson*, 2 Kan. 432; *The State v. O'Brien*, 74 Mo. 549; *The State v. Elam*, 21 Mo. App. 290; 1 Bishop, Crim. Proced., § 639; Wharton, Crim. Plead. & Pr., § 238.

*4. Proviso not part definition.*

We think there was error in the ruling of the Court in quashing the complaint, and, therefore, its judgment will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.