THE STATE OF KANSAS v. WALTER THURMAN.

No. 12,710.   (68 Pac. 1081.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Information under "Hurrel Law"*— *Case Followed.* In a prosecution under section 2493, General Statutes of 1901 (Laws 1901, ch. 232, § 1), it is not necessary to aver in the information that the place maintained by the defendant and alleged to be a nuisance is not a private dwelling-house not used in connection with a place of business. *The State v. Thompson et al.*, 2 Kan. 432, cited and followed.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed May 10, 1902. Affirmed.

*J. H. Dana,* county attorney, and *S. H. Piper,* for The State.

*H. C. Dooley,* and *A. M. Etchen,* for appellant.

The opinion of the court was delivered by

ELLIS, J.: This is a prosecution under section 2493, General Statutes of 1901 (Laws 1901, ch. 232, § 1), commonly known as the "Hurrel law." The defendant was convicted of maintaining a nuisance, and appeals.

The only important allegation of error is that the court refused, upon motion, to quash the information. In the court below, the constitutionality of the law

appears to have been the mooted question.  Here, however, attorneys for the defendant urge that the information is defective in that it fails to allege that the place where the intoxicating liquors were sold and kept for sale was not a private dwelling-house.  Such an allegation is not necessary.  The section of the statute under which this prosecution was had contains no such provision, and the exception contained in section 8, which relates alone to evidence, is not one of those necessary to be negatived in an information, under rules of pleadings well established under the common law and sanctioned by frequent decisions of this court.

In the case of *The State v. Thompson et al.*, 2 Kan. 436, the rule as laid down in Archbold's Criminal Practice and Pleading was sanctioned by this court. It is as follows :

"If there be any exception contained in the same clause of the act which creates the offense, the indictment must show negatively that the defendant or the subject of the indictment does not arise within the exception.  If, however, the exception or proviso be in a subsequent clause or statute, or although in the same section, yet if it be not incorporated with the enacting clause by any words of reference, it is in that case matter of defense for the other party and need not be negatived in the pleading."  (See, also, *City of Kansas City v. Garnier*, 57 Kan. 412, 46 Pac. 707.)

It was not error for the court to permit evidence to be introduced to show that the place where the intoxicating liquors seized were kept by the defendant was not a dwelling-house, as it was requisite to produce such proof in order to make the fact of finding intoxicating liquors in his possession *prima facie* evidence that such liquors were kept for sale in violation of law.

The error of the court in referring in an instruction to the latter part of section 8 of the statute (Gen. Stat. 1901, § 2500), when the evidence in the case did not tend to show that a government stamp or receipt for special tax was found in or about the premises of the defendant, was not fraught with harm to his interest and in no manner tended to mislead the jury. Such error is, therefore, immaterial.

The judgment of the court below is affirmed.

DOSTER, C. J., JOHNSTON, J., concurring.