THE STATE OF KANSAS, *Appellant,* v. LEMUEL BUIS, *Appellee.*

No. 17,056.

1. CRIMINAL LAW—*Information.* It was said that where the statute creates an offense and sets out the facts which constitute it an information that follows the language of the statute is all that is required.

2. ——— *Same.* Such an information was not defective because it omitted to negative certain statutory exceptions not contained in the clause of the act which created the offense charged.

Appeal from Elk district court. Opinion filed October 8, 1910. Reversed.

*Fred S. Jackson,* attorney-general, *John Marshall,* assistant attorney-general, *Charles D. Shukers,* special assistant attorney-general, and *Frank Organ,* county attorney, for the appellant.

*Per Curiam:* The defendant was arrested upon an information charging him with a violation of sections 8090 and 8091 of the General Statutes of 1909. The information was quashed by the district court on the motion of the defendant. The state appeals.

Section 8091, so far as it concerns the present case, reads as follows:

"Any person who shall practice medicine and surgery or osteopathy in the state of Kansas without having received and had recorded a certificate under the provisions of this act . . . shall be deemed guilty of a misdemeanor." (Laws 1901, ch. 254, § 7.)

Section 8090, so far as it concerns the information in this case, reads as follows:

"Any person shall be regarded as practicing medicine and surgery within the meaning of this act who shall prescribe, or who shall recommend for a fee, . . . or any person attempting to treat the sick or

18—83 KAN.

others afflicted with bodily or mental infirmities, or any person representing or advertising himself by any means or through any medium whatsoever, or in any manner whatsoever, so as to indicate he is authorized to or does practice medicine or surgery in this state, or that he is authorized to or does treat the sick or others afflicted with bodily infirmities." (Laws 1908, ch. 63, § 1.)

The information, which contained three counts, follows the language of the statute, and this is all that is required where the statute creates the offense and sets out the facts which constitute it. (*The State v. Foster,* 30 Kan. 365; *The State v. Bellamy,* 63 Kan. 144; *The State v. Seely,* 65 Kan. 185.) There are a number of exceptions named in section 8090. If it be contended that the information is defective because it failed to negative these exceptions the point is not well taken. It is only necessary to negative those exceptions which are contained in the same clause of the act which creates the offense. (*The State of Kansas v. Thompson,* 2 Kan. 427; *City of Kansas City v. Garnier,* 57 Kan. 412; *The State v. Thurman,* 65 Kan. 90.)

It was error to sustain the motion to quash. The judgment is reversed and the cause remanded for further proceedings.