The State v. Buis.

---

THE STATE OF KANSAS, *Appellant,* v. LEMUEL BUIS
*et al., Appellees.*

No. 17,822.

SYLLABUS BY THE COURT.

CRIMINAL LAW — *Recognizance — Forfeiture — Defendant Discharged.* The condition of a recognizance given in a prosecution for misdemeanor that the defendant will appear at the next term of the district court and there answer to the charge in the information filed against him, and abide the judgment of the court, and not depart without leave, is not broken when a motion to quash the information is sustained and the defendant is discharged by that court, although he fails to appear afterward at a trial of the cause duly ordered upon a reversal of such judgment by this court.

Appeal from Elk district court.   Opinion filed February 10, 1912.   Affirmed.

*John S. Dawson,* attorney-general, and *S. N. Hawkes,* assistant attorney-general, for the appellant.

*A. F. Sims,* for the appellees.

The opinion of the court was delivered by

BENSON, J.:   The appellee, Buis, was charged with a misdemeanor, and entered into a recognizance for his appearance in the district court "to answer the said charge in the said information preferred against him and abide judgment of said Court and not depart the same without leave."   At the proper time the defendant appeared, and upon his motion the information against him was quashed and he was discharged. The state appealed and the judgment was reversed. ·(*The State v. Buis,* 83 Kan. 273, 111 Pac. 189.)   The mandate having been entered upon the journal of the district court the cause was set down for trial, but the defendant failed to appear.   His default was entered and the recognizance declared forfeited.

In this action upon the forfeited recognizance against Buis and his sureties they demurred to a petition stating the foregoing facts, which demurrer was sustained.   The defendant in the criminal action had appeared at the time required, and had not departed without leave, but in pursuance of the judgment discharging him, so there was no breach of the conditions of the bond.   Being discharged it was not within the power of his sureties to retake and surrender him under section 148 of the criminal code had they so desired, and they were therefore exonerated from all liability.   (*State use of Independence County v. Glenn et al.,* 40 Ark. 332.)   The reversal of the judgment did not revive the liability of his sureties which had been extinguished by the judgment discharging the prin-

cipal after due appearance. (*State of Maryland v. Murphy and Thompson*, [Md.] 10 G. & J. 365.)

The state submits the question whether the language of the obligation did not require the principal to abide the final judgment after it had been reviewed by this court. The answer must be in the negative. A different conclusion would enlarge the obligation of sureties beyond the fair import of the language used, and be out of harmony with prior decisions. (*Jackson v. The State*, 52 Kan. 249, 34 Pac. 744; *Moorehead v. The State*, 38 Kan. 489, 16 Pac. 957.)

Notwithstanding the appeal the judgment discharging the appellee remained in full force until reversed, as provided in section 286 of the criminal code.

The judgment is affirmed.