No. 19,931.

THE STATE OF KANSAS, *Appellant*, v. DR. V. L. SNODGRASS, *Appellee*.

SYLLABUS BY THE COURT.

VIOLATION OF MEDICAL PRACTICE ACT—*Information Sufficient.* The rule applied that an information need not negative exceptions not contained in the part of the statute creating the offense.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed November 6, 1915. Reversed.

*S. M. Brewster,* attorney-general, *Charles D. Ise,* county attorney, *J. B. Tomlinson,* and *Charles D. Shukers,* both of Independence, for the appellant.

*Thomas E. Wagstaff,* and *S. P. Miles,* both of Independence, for the appellee.

The opinion of the court was delivered by

MASON, J.: An information undertaking to charge V. L. Snodgrass with a violation of the medical practice act was quashed, and the state appeals. In several counts the defendant is charged with practicing medicine and surgery without having a certificate of medical registration, by attempting to treat for a fee a sick person by "pretending to adjust the vertebra" of such person. Other counts are in the same language, except that they charge that the acts complained of constituted the practice of osteopathy, without having obtained a certificate therefor. Still another count charges the defendant with having advertised himself to be engaged in the unauthorized practice of medicine by inserting an advertisement in a newspaper offering in effect to treat disease by

The State v. Snodgrass.

"Chiropractic," signed by himself as "Dr. V. L. Snodgrass, Chiropractor."

In the argument in the district court it was conceded by the state "that the defendant claimed to be a 'Chiro' and to heal the sick by adjusting the spine." Practicing, or advertising to practice, what is called "chiropractic," by one not having a certificate authorizing him to practice medicine, surgery or osteopathy, was a violation of the law as it stood in 1911. (*The State v. Johnson,* 84 Kan. 411, 114 Pac. 390.) The defendant maintains that the facts stated in the information do not constitute an offense by reason of a provision of the statute invoked, as amended in 1913, reading: "This act shall not apply to any registered osteopathic physician *or any chiropractic practitioners of the state of Kansas.*" (Laws 1913, ch. 290, § 10.) Exceptions of this character need not be negatived in the information. Therefore the state was not required to allege that the defendant was not a "chiropractic practitioner of the state of Kansas," even if that fact would constitute a defense. (*The State v. Buis,* 83 Kan. 273, 111 Pac. 189.) For this reason the motion to quash should have been overruled. The court deems it unnecessary to pass upon any of the other questions argued.

MASON, J. (concurring specially): While the consideration stated is sufficient to dispose of the case, I think that the information should also be treated as though it stated that the defendant in doing the things complained of was engaged in the practice of "chiropractic," and that its effect, as so construed, should be determined.

WEST, J. (dissenting): As a technical, mechanical proposition of criminal pleading, of course the exception named did not need to be set up in the information. But I see no necessity for entering upon the solemn farce of so deciding when the real question, as shown by the brief of the state, is whether or not the exception contained in the act of 1913 means what it says. If it does not, I am unable to understand the English language. The prosecution should cease.