No. 21,669..

THE STATE OF KANSAS, *Appellee*, v. LAWRENCE PERELLO, *Appellant*, et al.

SYLLABUS BY THE COURT.

1. "BONE-DRY LAW"—*Information—Negative· Allegations.* In an information charging the violation of section 1 of the "bone-dry law" (Laws 1917, ch. 215), making it unlawful "for any person to keep or have in his possession . . . any intoxicating liquors . . . or to give away or furnish intoxicating liquors to another, *except druggists or registered pharmacists as hereinafter provided*," it is not necessary to allege that the defendant was not a druggist or registered pharmacist.

2. SAME. A negative averment of the matter of an exception or proviso in a penal statute is not necessary in an information, unless such matter enters into and becomes a material part of the description of the offense.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed March 9, 1918. Affirmed.

A. L. Majors, of Columbus, for the appellants.

S. M. Brewster, attorney-general, and Don H. Elleman, county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: An information was filed against Lawrence Perello and Louie Soffietti, charging them with having in their possession three sacks of bottled beer, contrary to the statute. They were tried and convicted. Perello appeals from the judgment, and his sole contention is that the information does not state a public offense, because it fails to negative the provisions of the latter portion of section 1 of what is known as the "bone-dry law." (Laws 1917, ch. 215.) Section 1 reads:

"It shall be unlawful for any person to keep or have in his possession, for personal use or otherwise, any intoxicating liquors, or permit another to have or keep or use intoxicating liquors on any premises owned or controlled by him, or to give away or furnish intoxicating liquors to another, except druggists or registered pharmacists as hereinafter provided. Any person violating the provisions of this section," etc.

We have italicized that portion which it is contended the information should have negatived. The appellant relies upon the cases of The State of Kansas v. Thompson, 2 Kan. 432; City of Kansas City v. Garnier, 57 Kan. 412, 46 Pac. 707; The State v. Thurman, 65 Kan. 90, 68 Pac. 1081; The State v. Buis, 83 Kan. 273, 111 Pac. 189.

In passing upon the question in the early case of The State of Kansas v. Thompson, supra, which the later cases follow, the court quoted with approval the following from Archbold's Criminal Practice and Pleading:

" 'If there be any exception contained in the same clause of the act which creates the offense, the indictment must show negatively that the defendant or the subject of the indictment does not arise within the exception. If, however, the exception or proviso be in a subsequent clause or statute, or although in the same section, yet if it be not incorporated with the enacting clause by any words of reference, it is in that case matter of defense for the other party, and need not be negatived in the pleading.' " (p. 436.)

The appellee insists that the exception in the statute is purely a matter of defense because it is not incorporated

within the enacting clause by any words of reference, and therefore forms no part of the clause which defines or describes the offense.

Among the modern authorities cited by the appellee, the statute considered in the case of *Smythe v. State,* 2 Okla. Crim. 286, is most nearly like that under which the appellant in this case was convicted. The Oklahoma statute reads:

"SECTION 1. It shall be unlawful for any person, individual or corporate, to manufacture, sell, barter, give away, or otherwise furnish *except as in this act provided, any spirituous, vinous,* fermented or malt liquors." (Revised Laws of Oklahoma [1910], § 3605.)

It was held not necessary to negative the exception, for the reason that—

"A negative averment to the matter of an exception or proviso in a penal statute is not requisite in an information, unless the matter of such exception or proviso enters into, and becomes a material part of, the description of the offense." (*Smythe v. State,* 2 Okla. Crim. 286, syl. ¶ 2.)

The statute we are considering defines the offense, and in the same clause uses the language, "except druggists or registered pharmacists as hereinafter provided." Section 5 of the act enumerates the particular conditions under which liquor may be delivered to certain persons engaged in the wholesale drug business and to registered pharmacists actually and in good faith engaged in the retail drug business, these exceptions being coupled with elaborate provisions designed to prevent evasion of the law. The language in section 1, "except druggists or registered pharmacists as hereinafter provided," does not set forth, nor does it purport to state, except in most general terms, the nature of the exceptions in favor of druggists and registered pharmacists. It is a mere parenthetical expression thrown in to show that in another part of the act provisions will be found which except certain classes of persons from the operation of the statute. As held in the Oklahoma case just cited, we think the rule contended for by the appellant should never apply where the matter of such exception or proviso does not enter into and become a material part of the description of the offense. Although there is a general reference in section 1 to an exception in favor of druggists and registered pharmacists, all druggists and all registered pharmacists are not excepted; and it is necessary to examine the conditions "hereinafter pro-

vided" in order to ascertain what druggists and what registered pharmacists are within the exception.

Again, the rule contended for, if it ever had any substantial ground to rest upon, has become obsolete by the changed conditions in criminal procedure. Without taking time to state the history of its inception, it is enough to say that it is a relic of a period under the old common law when there were so many restrictions upon the rights of an accused person that the courts found it necessary in construing indictments to reach out and seize upon slight technicalities in order to prevent grave miscarriages of justice. It recalls the period when a person charged with crime was denied the benefit of counsel and was not permitted to be sworn as a witness in his own behalf. The court would be making use of an archaism if it attempted to apply such a technical rule of criminal pleading to a procedure like ours, which admonishes us to give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties (Crim. Code, § 293), and which declares that no indictment or information may be quashed or set aside for any "defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." (Crim. Code, § 110.)

It is impossible to conceive how the rights of the appellant could have been prejudiced by the failure of the information to negative these exceptions, even if we were to say that the offense was not clearly defined in the clause until the end of the sentence containing the exception. If, when appellant was found in possession of the three sacks of bottled beer, he had been in fact a registered pharmacist or a wholesale druggist as provided in section 5, or any kind of a druggist or registered pharmacist within the language of the exceptions as referred to in section 1, it would have been very easy for him to have shown that fact at the trial, or at least to have challenged the attention of the court to the fact. If the rule of pleading he relies upon were held to be in force and effect, and the language of the statute were held to fall within the rule, a reversal of the judgment and a new trial could not benefit the appellant if under an amended information he should not be able to bring himself within the exception.

The judgment is affirmed.

WEST, J. (dissenting) : To one who has devoted ten years of his life drawing indictments and informations and prosecuting those charged thereunder, it seems needless at this late date to change the rule of criminal pleading heretofore understood by even the veriest tyro in the law and continuously recognized by this court from the second to the ninety-ninth Kansas report. (*The State of Kansas v. Thompson,* 2 Kan. 432; *City of Kansas City v. Garnier,* 57 Kan. 412,.46 Pac. 707; *The State v. Thurman,* 65 Kan. 90, 68 Pac. 1081; *The State v. Buis,* 83 Kan. 273, 111 Pac. 189; *The State v. Creamery Co.,* 83 Kan. 389, 111 Pac. 474; *King v. Wilson,* 95 Kan. 390, 393, 148 Pac. 752; *Kansas City v. Jordan,* 99 Kan. 814, 163 Pac. 188.)

The legislature in prescribing the offense simply made it unlawful for any one except a druggist or registered pharmacist to do the thing prohibited, and this is not only all in one section but all in one sentence.