No. 28,465.

THE STATE OF KANSAS, *Appellee*, v. FRANK KUCERA, *Appellant*.

(271 Pac. 275.)

Opinion filed November 3, 1928.

*W. S. Hines*, of Arkansas City, for the appellant.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, and *Bert E. Church*, county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant was convicted on three counts of violating the intoxicating liquor laws—possession, sale, and maintaining a nuisance. He appeals, contending that the information did not state a public offense in the possession count because it did not set out that the intoxicating liquor was "for his personal use or otherwise." He cites and relies on *State v. Munson*, 111 Kan. 318, 206 Pac. 749, wherein it was stated that the statute does not punish personal use of intoxicating liquor. The contention cannot be sustained. The trial court in its instructions very clearly and specifically defined the necessary elements involved in the unlawful possession of intoxicating liquor, and there is nothing in the Munson case which can be said to support the defendant's argument. The con-

tention amounts to an argument that the state must negative the exceptions provided in the statute, which is not necessary. (*State v. Perello,* 102 Kan. 695, 171 Pac. 630; *State v. McCloria,* 111 Kan. 379, 207 Pac. 645; *State v. Nossaman,* 120 Kan. 177, 180, 243 Pac. 326.)

Testimony of other sales than that alleged in the information was introduced for the purpose of showing maintenance of a nuisance. The defendant contends that this was a grievous error. Since the evidence was introduced for the purpose only of proving the nuisance charge and the jury was specifically told the purpose, defendant's contention is without merit.

A further contention is made that the evidence was insufficient to warrant the finding of the maintenance of a nuisance, for the reason that only one witness gave the legal description of the land upon which the defendant lived. While but one witness was asked the legal description of defendant's farm on which the nuisance was maintained, there was evidence from other witnesses showing that the nuisance was maintained on the defendant's farm south of Oxford and near Geuda Springs. This contention, like the others, cannot be sustained.

A contention that the court erred in not permitting a more extensive cross-examination of one of the state's witnesses is without merit and needs no elucidation. A careful examination of the record discloses no error.

The judgment is affirmed.